Britta E. Warren, OSB No. 065441
bew@bhlaw.com
BLACK HELTERLINE LLP
805 S.W. Broadway, Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Fax: (503) 224-6148

Of Attorneys for Meritage Homeowners' Association

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

NICHOLAS LEE WATT
PATRICIA MOUDY WATT,

             Debtors.

MERITAGE HOMEOWNERS'
ASSOCIATION,

             Plaintiff,

v.

NICHOLAS LEE WATT
PATRICIA MOUDY WATT,

             Defendants.

Case No. 14-31295-rld13

Adv. Proc. No. _____

COMPLAINT
(Declaratory Relief; Money Award)

For its Complaint against defendants Nicholas Lee Watt and Patricia Moudy Watt (the "Watts"), Meritage Homeowners' Association ("Meritage") alleges:

. . . . . .

. . . . . .

Page 1 of 10 – COMPLAINT (Declaratory Relief and Money Award)
1145176

BLACK HELTERLINE LLP
805 SW Broadway, Ste. 1900
Portland, OR 97205
(503) 224-5560

Case 16-03073-dwh    Doc 1    Filed 06/30/16

**JURISDICTION AND VENUE**

1. The court has jurisdiction over this adversary proceeding pursuant to Fed. R. Bankr. P. 7001 and 28 U.S.C. §§ 157 and 1334.

2. Both the Watts and Meritage consent to the bankruptcy court's determination and entry of final orders and judgments in this proceeding pursuant to 28 U.S.C. § 157(c)(2).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

**DESCRIPTIONS OF THE PARTIES**

4. Meritage is a nonprofit corporation duly organized under the State of Oregon and operating as a Planned Unit Development under ORS 94.550, *et seq.*

5. The Watts are husband and wife residing in the State of Oregon and are the debtors in the bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Oregon, Case No. 14-31295-rld13.

**FACTUAL ALLEGATIONS**

I. The Property and the Planned Community

6. On or about November 8, 2006, the Watts purchased real property commonly referred to as 56 "B" Northwest 33rd Place, Newport, Oregon (the "Real Property").

7. The Real Property is located in the planned unit development known as Meritage at Little Creek (the "Planned Community") and is subject to the requirements set forth in the Declaration of Covenants, Conditions, and Restrictions, the Bylaws and the Supplemental Declarations of Annexation on record with the Lincoln County Real Property Department (referred to collectively as the "CCRs").

8. Pursuant to CCRs, unit owners are subject to resolutions and policies duly adopted by Meritage.

. . . . . .

Page 2 of 10 – COMPLAINT (Declaratory Relief and Money Award)
1145176

BLACK HELTERLINE LLP
805 SW Broadway, Ste. 1900
Portland, OR 97205
(503) 224-5560

Case 16-03073-dwh    Doc 1    Filed 06/30/16

6

9. The purchase of the Real Property was financed with a loan evidenced by a promissory note payable to Mortgage Trust, Inc. The promissory note was secured by a Deed of Trust dated November 8, 2006 and recorded in the Lincoln County, State of Oregon real property records on November 15, 2006.

10. Subsequent to the November 8, 2006 transaction, the underlying promissory note and Deed of Trust were assigned to the Bank of New York Mellon, fka The Bank of New York, as Trustee on Behalf of the Holders of the Alternative Loan Trust 2006-OA21, Mortgage Pass-Through Certificates Series 2006-OA21 (the "Bank of New York").

## II. The State Court Litigation

11. In 2008 and 2009, Meritage (and other interested parties), sued certain window manufacturers, window installers and contractors in Lincoln County Circuit Court, State of Oregon for construction defect and defective installation of windows in the units located within the Planned Community, *Kurt Freitag v. Milgard Manufacturing, Inc., et al.,* Case Nos. 080405705 and 090515 (the "Window Litigation").

12. In 2011, owners of eleven (11) units in the Planned Community sued Meritage, the developer and others in Lincoln County Circuit Court, State of Oregon, *Bahram Adrangi, et.al. v. Kurt Freitag, et al.,* Case No. 110136, (the "HOA Litigation").

13. Shortly after filing the HOA Litigation, the unit owners intervened in the Window Litigation and alleged defects in the windows and defective installation of the windows.

14. Pursuant to the CCRs, unit owners are responsible for maintenance and repair of windows.

. . . . . .

. . . . . .

Page 3 of 10 – COMPLAINT (Declaratory Relief and Money Award)
1145176

BLACK HELTERLINE LLP
805 SW Broadway, Ste. 1900
Portland, OR 97205
(503) 224-5560

7

Case 16-03073-dwh    Doc 1    Filed 06/30/16

15. On or about July 13, 2012, after extensive litigation and mediation, the parties in the HOA Litigation entered into a comprehensive Settlement Agreement and Mutual Release of Claims and Addendum (the "HOA Settlement") which included the following provisions:

  a. Meritage incurred in excess of $450,000 in attorney fees, expert fees, auditor fees and other expenses in defending the HOA Litigation (the "Litigation Costs");

  b. Meritage did not release claims against the unit owners for $350,000 of the $450,000 in the Litigation Costs;

  c. Unit owners specifically agreed to pay $350,000 of the outstanding Litigation Costs as part of the dues in future budgets, in addition to the ongoing operating expenses;

  d. In the event any unit owner failed or refused to pay its prorata share of dues and assessments, including the Litigation Costs, together with any collection costs associated with collection efforts against the nonpaying unit owner, that unit owner's share of dues was to be assessed against the eleven (11) unit owner plaintiffs in the HOA Litigation on a prorata basis; and

  e. Meritage did not release any claims related to the defective windows and specifically reserved its right to require all unit owners to prevent damage, including replacement of defective window systems and installation to protect common elements for which Meritage was and continues to be responsible for from damage resulting from the defective windows.

Page 4 of 10 – COMPLAINT (Declaratory Relief and Money Award)
1145176

BLACK HELTERLINE LLP
805 SW Broadway, Ste. 1900
Portland, OR 97205
(503) 224-5560

8

Case 16-03073-dwh    Doc 1    Filed 06/30/16

16. A separate comprehensive confidential Settlement Agreement was reach among all parties to the Window Litigation. One of the requirements of the Settlement Agreement was that unit owners use settlement proceeds to replace defective windows which continued to cause water intrusion to parts of the common elements for which Meritage was responsible for maintaining.

17. Despite the settlements, multiple unit owners, including the Watts, refused to replace defective windows and failed to pay assessments, including the Litigation Costs set forth in the HOA Settlement.

### III. The Window Related Assessments and Fines

18. Due to the Watts' ongoing failure to replace defective windows, in September 2013 Meritage levied a special assessment against the Watts pursuant to ORS 94.704(6) attributable to the costs to repair and replace defective windows installed in the Real Property. Similar assessments were levied against other unit owners who refused to replace the windows.

19. On or about the same time, Meritage passed a resolution pursuant to ORS 94.630(1)(n) in which a fine of $500 per day, up to $5,000.00 per month, was assessed against any unit owner that failed to repair the defective windows or deposit money necessary to begin the window replacement process. The fines were later capped at $2,500 per month.

### IV. The Collection Litigation

20. Meritage instituted a collection action in Lincoln County Circuit Court, State of Oregon against the Watts in August 2011 for failure to pay assessments and charges and comply with the CCRs, *Meritage Homeowners Association v. Nicholas L. Watt, et al.*, Case No. 112577 (the "Collection Litigation").

. . . . . .

Page 5 of 10 – COMPLAINT (Declaratory Relief and Money Award)
1145176

BLACK HELTERLINE LLP
805 SW Broadway, Ste. 1900
Portland, OR 97205
(503) 224-5560

Case 16-03073-dwh   Doc 1   Filed 06/30/16

21. Meritage obtained a stipulated judgment against the Watts in the base amount of $175,504 in February 2014.

## V. The Bankruptcy Filing

22. On or about March 12, 2014, the Watts filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

23. The Chapter 13 Plan proposed by the Watts (the "Plan") contained a nonstandard provision vesting ownership to the Real Property in the Bank of New York pursuant to 11 U.S.C. 1322 (b)(9).

## VI. The State Farm Insurance Assessment

24. Both before and subsequent to the filing of the Watts' bankruptcy petition, Meritage was engaged in companion collection cases against other unit owners filed in Lincoln County Circuit Court, State of Oregon, *Meritage Homeowners' Association v. Frederick R. Suter, et al.*, Case No. 134178 and *Meritage Homeowners' Association v. John E. James, et al.*, Case No. 134177 (the "Companion Collection Litigation").

25. Part of the litigation in the Companion Collection Litigation involved the validity of an assessment levied against the eleven (11) unit owners related to additional defense costs incurred by Meritage in the HOA Litigation. Specifically, State Farm Insurance refused to reimburse a portion of attorney's fees incurred by Meritage after the Settlement Agreement was executed. An assessment was then levied pursuant to the HOA Settlement to recoup the costs.

26. On September 17, 2014, Judge Cramer issued a Letter Opinion in the Companion Collection Litigation in which he held that ORS 94.704(8) required a finding of fault before any unit owner could be assessed to the exclusion of other unit owners,

Page 6 of 10 – COMPLAINT (Declaratory Relief and Money Award)
1145176

BLACK HELTERLINE LLP
805 SW Broadway, Ste. 1900
Portland, OR 97205
(503) 224-5560

Case 16-03073-dwh    Doc 1    Filed 06/30/16    10

notwithstanding the terms of the HOA Settlement in which the parties agreed that only the eleven (11) unit owner who sued Meritage should be liable for Litigation Costs.

27. As a result of Judge Cramer's ruling in the Companion Collection Litigation, Meritage rescinded the special assessment related to the unreimbursed attorney's fees.

28. Thereafter, during the fourth quarter of 2014 (and subsequent to the Watts' bankruptcy petition), Meritage properly levied a subsequent special assessment after evaluating fault against the eleven (11) unit owners pursuant ORS 94.704(8).

29. The Watts were among the eleven (11) unit owners subject to the special assessment.

VII. **The Vesting of Title**

30. On October 15, 2014, the Honorable Trish M. Brown issued a memorandum opinion confirming the Watts' Plan in which title to the Real Property was vested in Bank of New York.

31. On October 17, 2014, the Bankruptcy Court entered an Order Confirming Plan. The Bank of New York appealed the entry of the Order Confirmation Plan on October 31, 2014.

32. Despite the appeal, the Bank of New York failed to seek a stay of the Order Confirming Plan and the provisions vesting title.

33. Pursuant to the CCRs, as title owner of the unit in question, the Bank of New York became jointly and severally liable with the Watts for post-petition assessments, fines, interest and attorney's fees. A separate proceeding is pending in United States District Court for the District of Oregon, Case No. 6:16-cv-00300-AA, seeking to collect a portion of these fees from the Bank of New York and to address the fact that the defective windows have not been replaced.

Page 7 of 10 – COMPLAINT (Declaratory Relief and Money Award)
1145176

BLACK HELTERLINE LLP
805 SW Broadway, Ste. 1900
Portland, OR 97205
(503) 224-5560

11

Case 16-03073-dwh    Doc 1    Filed 06/30/16

34. On appeal from the bankruptcy court, the United States District Court for the District of Oregon, the Honorable Ann Aiken presiding, reversed and vacated the Order Confirming Plan.

35. The Watts then appealed the District Court's decision to the Ninth Circuit Court of Appeals. The appeal is currently pending.

**VIII.   The § 363 Sale**

36. While the appeal was pending, the Watts filed a Motion for Authority to Sell the Real Property free and clear of all liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363.

37. An order granting the Motion and authorizing the sale of the Real Property pursuant to 11 U.S.C.§ 363 to the Bank of New York was entered on August 21, 2015 (the "§ 363 Sale Order") and recorded in the Lincoln County, State of Oregon real property records on August 27, 2015.

**IX.   The Post-petition Liability**

38. The obligations set forth in the CCRs are covenants running with the land and nondischargeable in bankruptcy.

39. The Watts remain liable for the assessments, interest, fines and attorney's fees levied after the bankruptcy petition date and up to the date of entry of the § 363 Sale Order.

40. Because the Watts failed to repair or replace the defective windows subsequent to filing bankruptcy, interest and fines continued to accrue during the post-petition period up to the § 363 Sale Order pursuant to the resolution duly adopted by Meritage in September 2013.

41. Pursuant to ORS 94.709(5), fees, late charges, fines and interest are enforceable as assessments and are subject the CCRs.

Page 8 of 10 – COMPLAINT (Declaratory Relief and Money Award)

1145176

BLACK HELTERLINE LLP
805 SW Broadway, Ste. 1900
Portland, OR 97205
(503) 224-5560

Case 16-03073-dwh    Doc 1    Filed 06/30/16

12

42. As of April 15, 2016, the Watts' outstanding post-petition liability to Meritage was $124,969.03.[1]

43. Despite demand, the Watts have failed to pay the post-petition amounts due and owing under the CCRs and ORS Chapter 94.

### CLAIMS FOR RELIEF

#### FIRST CLAIM FOR RELIEF
(Declaratory Judgment)

44. Meritage incorporates the allegations and assertions of fact in paragraphs 1 – 43 set forth above, as if fully set forth herein.

45. Meritage is entitled to a judgment declaring its actions in seeking to collect validly imposed post-petition assessments and charges not subject to discharge in bankruptcy are legitimate efforts to enforce the Watts' obligations under the CCRs, and further declaring that Meritage's efforts to enforce the Watts' nondischargeable post-petition obligations are an appropriate exercise of Meritage's fiduciary obligation to assure unit owners comply with the CCRs.

#### SECOND CLAIM FOR RELIEF
(Money Award)

46. Meritage incorporates the allegations and assertions of fact in paragraphs 1 – 45 set forth above, as if fully set forth herein.

47. The Watts have breached their obligations under the CCRs, resolutions and policies by failing to pay when due validity imposed post-petition assessments, interest, fines and resulting attorney's fees.

48. Meritage has fully performed its obligations under the CCRs, including without limitation, offering to use dispute resolution programs pursuant to ORS 94.630(4)(a).

---

[1] The outstanding balance reflects a payment in the amount of $14,969.76 made by the Watt's on October 10, 2015.

Page 9 of 10 – COMPLAINT (Declaratory Relief and Money Award)

1145176

BLACK HELTERLINE LLP
805 SW Broadway, Ste. 1900
Portland, OR 97205
(503) 224-5560

13

Case 16-03073-dwh    Doc 1    Filed 06/30/16

49. Meritage is entitled to a judgment against the Watts in the amount of $124,969.03, together with interest until paid.

50. Meritage is entitled to an award of attorney's fees and costs pursuant to the CCRs, ORS 94.719 and ORS 97.780.

**PRAYER**

WHEREFORE, Meritage prays for the following relief:

A. Judgment declaring that Meritage's actions in seeking to collect validly imposed post-petition assessments and charges not subject to a discharge in bankruptcy are legitimate efforts to enforce the Watts' obligations under the CCRs, and further declaring that Meritage's efforts to enforce the Watts' nondischargeable post-petition obligations are an appropriate exercise of Meritage's fiduciary obligation to assure unit owners comply with the CCRs and duly adopted resolutions and policies;

B. Judgment in favor of Meritage on its claims against the Watts in an amount to be determined at trial, but currently estimated to be $124,969.03, plus interest thereon;

C. An award of all reasonable attorney's fees, costs of litigation and court costs; and

D. Any other relief deemed just, equitable or appropriate under the circumstances.

DATED this 30th day of June, 2016.

BLACK HELTERLINE LLP

By: /s/ Britta E. Warren
Britta E. Warren, OSB No. 065441
bew@bhlaw.com
Fax: (503) 224-6148
Of Attorneys for Meritage Homeowners' Association

Page 10 of 10 – COMPLAINT (Declaratory Relief and Money Award)
1145176

BLACK HELTERLINE LLP
805 SW Broadway, Ste. 1900
Portland, OR 97205
(503) 224-5560

14

Case 16-03073-dwh   Doc 1   Filed 06/30/16